**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

**JOHN DOE,**
*Plaintiff,*

v.

**UNIVERSITY OF BALTIMORE SCHOOL OF LAW,**
**UNIVERSITY SYSTEM OF MARYLAND,**
**JAY PERMAN,** *in his individual capacity,*
**LLATETRA ESTERS,** *in her individual capacity,*
**PAUL MANRIQUE,** *in his individual capacity,*
**RONALD WEICH,** *in his individual capacity,*
**COLIN STARGER,** *in his individual capacity,*
**KIMBERLY WEHLE,** *in her individual capacity,*
**MICHAEL MEYERSON,** *in his individual capacity,*
**PAVAN PURSWANI,** *in his individual capacity,*
**MICHAEL E. ROWAN,** *in his individual capacity,*
**LAVONDA REED,** *in her individual capacity,*
**DR. SANJAY RAI,** *in his individual capacity,*
**SARAH J. SEIDEL,** née **STEINBERG,**
**JOHN/JANE DOES 1-20,**
*Defendants.*

CLERK, U.S. DISTRICT COURT
AT BALTIMORE
DISTRICT OF MARYLAND
BY
MAY 1 3 2026
DEPUTY
FILED
LOGGED
ENTERED
RECEIVED
Night Drop

BAH 2 6 CV 1 9 0 3

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff John Doe, *pro se*, brings this action against the above-named Defendants, alleging ongoing documented retaliation, civil rights violations, furtherance of documented crime(s), systemic public misconduct in office, constitutional deprivations under the First and Fourteenth Amendments and common law torts.

In support, Plaintiff states as follows:

## I. INTRODUCTION

1. This action arises from documented retaliation, systemic due process failures, constitutional deprivations and furtherance of documented criminal activity executed against Plaintiff by University of Baltimore, School of Law officials and state higher education leadership for the State of Maryland, currently under a confirmed multi-year federal audit by the Department of Education.

2. Plaintiff is an Orthodox Jewish man who attended the University of Baltimore School of Law from 2021 to 2023.

1

USDC - BALTIMORE
'26 MAY 13 PM 10:20

3. During enrollment, Plaintiff experienced discrimination, retaliation, and deliberate indifference from staff who failed to take appropriate actions against students who were criminally harassing him.

4. Plaintiff was constructively forced out of the University by this hostile environment in the fall of 2023.

5. Following his departure, administrative channels were sought through complaints to the Maryland Higher Education Commission (MHEC), then under the leadership of Dr. Sanjay Rai.

6. USM leadership, including Chancellor Jay Perman, has had direct notice of these matters including active violations of federal law by the institution and has to date refused to take any appropriate or lawful action on behalf of the University System of Maryland despite stated USM policy, state and federal law.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal constitutional and statutory claims pursuant to Title 28 of the United States Code, Section 1331, Section 1343, and Title 42, Section 1983.

8. Supplemental jurisdiction over State law claims is exercised pursuant to Title 28 of the United States Code, Section 1367.

9. Venue is proper under Title 28 of the United States Code, Section 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in the District of Maryland.

## III. PARTIES

10. **Plaintiff John Doe** is an Orthodox Jewish man and former student at the University of Baltimore School of Law.

11. **Defendant University of Baltimore School of Law** is a public institution receiving federal financial assistance, making it subject to Title VI of the Civil Rights Act of 1964.

12. **Defendant University System of Maryland (USM)** is a public corporation with supervisory authority over the Law School.

13. **Defendant Jay Perman** was at all relevant times the Chancellor of USM, possessing supervisory and intervention authority.

14. **Defendant Llatetra Esters** was at all relevant times the Dean of Students, exercising supervisory authority over student conduct proceedings.

2

USDC – BALTIMORE
'26 MAY 13 PM 10:20

15. **Defendant Paul Manrique** was the Assistant Dean of Students, participating in conduct processes and record management.

16. **Defendant Ronald Weich** was the Dean of the Law School until his departure in or around July of 2024.

17. **Defendant Colin Starger** was at all relevant times a professor and administrator at the Law School.

18. **Defendant Kimberly Wehle** was at all relevant times a tenured professor at the Law School.

19. **Defendant Michael Meyerson** was at all relevant times a tenured professor at the Law School.

20. **Defendant Pavan Purswani** was the Director for Student Support responsible for enforcing student conduct holds.

21. **Defendant Michael E. Rowan** was counsel for the University from the Office of the Attorney General.

22. **Defendant LaVonda Reed** is the current Dean of the Law School, overseeing academic status and re-enrollment.

23. **Defendant Dr. Sanjay Rai** was at all relevant times the administrative head and leader of the Maryland Higher Education Commission. He is sued in his individual capacity for gross negligence and civil rights deprivations.

24. **Defendant Sarah J. Seidel (née Steinberg)** is an individual who participated in the alleged online harassment and cyberstalking campaign.

25. **Defendants John/Jane Does 1-20** are currently unverified individuals who actively participated in the underlying tortious conduct.

## IV. FACTUAL ALLEGATIONS

### A. Initial Discrimination and Data Theft (2021–2022)

26. Plaintiff enrolled at the Law School in Fall 2021 and immediately required religious accommodations to observe the Sabbath, holidays and other religious obligations.

27. Plaintiff experienced persistent non-accommodation of his religious needs by faculty and administrators throughout his education.

28. In July 2022, a formal university finding of religious discrimination through human resources was sustained against Defendant Wehle following a complaint filed by Plaintiff.

3

29. In that same period, Plaintiff reported harassment by Defendants, then-administrators Manrique and Starger.

30. In Spring 2022, while the discrimination complaint against faculty was pending, students allegedly accessed Plaintiff's computer in a classroom in the Law School and stole personal and private data.

## B. Coordinated Retaliation, Harassment, and Due Process Deprivations (2022–2023)

31. Plaintiff had filed a complaint regarding perceived mistreatment or discrimination involving Defendant Sarah J. Seidel and her then-boyfriend, Zachary Seidel, by January of 2022.

32. Defendant Esters refused to open an investigation, failing to provide Plaintiff with standard administrative recourse and issuing a notice that no investigation was opened.

33. On information and belief, by Fall 2022, Defendant Sarah J. Seidel had obtained access to the personal data stolen from Plaintiff's computer and became aware of Plaintiff's complaint against her through the aforementioned theft.

34. Defendant Sarah J. Seidel and Zachary Seidel allegedly orchestrated or participated in a retaliatory campaign of cyberstalking, search engine poisoning and online harassment using the stolen data.

35. Plaintiff explicitly notified Defendants Manrique and Starger of this harassment, allegedly involving both Sarah and Zachary Seidel.

36. Rather than appropriately investigate, Law School administrators repeatedly and actively shielded these parties.

## C. Fraudulent Disciplinary Complaints and Constructive Expulsion (Mid-2023)

37. Zachary Seidel and Sarah J. Seidel graduated from the Law School around May 14, 2023.

38. On May 20, 2023, after graduation, Zachary Seidel filed complaints against Plaintiff to reverse the narrative and depict the harassers as victims, a psychological tactic commonly referred to by the acronym DARVO.

39. Defendant Meyerson, attorney Eugene Seidel, and Sarah J. Seidel assisted in drafting a student conduct complaint against Plaintiff alleging without credible evidence that they were the victims in this dynamic.

40. Defendant Manrique formally processed and filed this complaint, bypassing standard verification procedures for non-students.

41. Through the hostile environment created by students and faculty alike, Plaintiff was constructively expelled and forced to leave the University in the fall of 2023.

4

42. Dean Ronald Weich left the University prior to legal fallout in July 2024 in order to assume a position at Seton Hall Law School.

## D. Dr. Sanjay Rai's Gross Negligence and Replacement

43. Following Plaintiff's constructive expulsion, Plaintiff filed formal complaints detailing these systemic regulatory violations with the Maryland Higher Education Commission (MHEC) by around March of 2024.

44. MHEC performed an investigation and ratified fraudulent documentation and violations of policy by the University of Baltimore School of Law. They also failed to perform necessary due diligence that would have exposed several crimes and public misconduct as early as 2024.

45. Subsequently, Plaintiff contacted Dr. Rai by September of 2025 to have the previous matter reopened.

46. As the head of MHEC, Defendant Dr. Sanjay Rai owed a statutory and administrative duty to investigate institutional civil rights non-compliance and protect students from bad-faith disciplinary maneuvers.

47. For numerous documented months, Dr. Rai completely refused to perform his oversight functions, ignoring notices that the University had violated its own rules, State law and federal mandates - until a tort claim was formally made against Dr. Rai prior to him leaving his position.

## E. Blocked Re-Enrollment and Present Status (2025–2026)

48. In 2025, Plaintiff sought to re-enroll at the Law School to finish his degree.

49. Under Dean Reed and counsel Rowan acting in concert with University counsel Julia Grio, the University obstructed Plaintiff's return for nearly six months, directing him to reapply despite internal policies stating reapplication was unnecessary.

50. Once Plaintiff complied, the University refused to process his return.

51. Defendants published defamatory records within Plaintiff's student file, baselessly labeling him as having engaged in stalking.

52. Defendant Purswani has to date placed an administrative hold on Plaintiff's account.

53. At the end of March 2026, the State of Maryland officially charged Zachary Seidel with criminal harassment based on the multi-year campaign against Plaintiff.

54. On several occasions in the spring of 2026, Dean Esters has received electronic proof showing that the student conduct charges against Plaintiff are fraudulent. She has failed to intervene and has repeatedly maintained that Plaintiff's re-enrollment remains

5

contingent on a process initiated by a departed administrator (Manrique) particularly on behalf of a criminally charged non-student (Seidel) on behalf of an institution that has repeatedly violated the law.

## F. Tolling and Fraudulent Concealment

55. Defendants' actions constitute a continuous violation for several matters extending to the present date.

56. Plaintiff's complaint is timely. In the event that any component does not appear to be, under Maryland Code, Courts and Judicial Proceedings Article, Section 5-203, the limitations period is tolled because Defendants fraudulently concealed the data theft and their participation in the harassment campaign.

## V. CAUSES OF ACTION

### COUNT I: FIRST AMENDMENT RETALIATION (42 U.S.C. Section 1983)

*(Against All Individual University Defendants in Their Individual Capacities)*

58. Plaintiff engaged in protected activity by reporting requesting religious accommodations, reporting religious discrimination and stating an intent to potentially file a civil rights lawsuit.

59. Defendants took adverse actions under color of state law—including filing false disciplinary charges, placing account holds, publishing defamatory internal records and blocking re-enrollment—which would chill an individual of ordinary firmness from exercising their rights.

60. A direct causal connection exists based on proximity, shifting requirements and a total lack of a legitimate non-retaliatory basis.

### COUNT II: FOURTEENTH AMENDMENT PROCEDURAL & SUBSTANTIAL DUE PROCESS DEPRIVATION (42 U.S.C. Section 1983)

*(Against All Individual University Defendants in Their Individual Capacities)*

61. Plaintiff possesses a protected property and liberty interest in his continued higher education at a public state institution as well as a liberty interest in his reputation.

62. Defendants deprived Plaintiff of these interests without due process of law by imposing a punitive administrative account hold, manufacturing disciplinary charges on behalf of graduated non-students and denying him an impartial hearing.

63. Furthermore, by way of the accuser, Paul Manrique, no longer being a University employee, Plaintiff does not have any way to confront his accuser, a plain violation of due process.

6

64. This arbitrary, bad-faith conduct violates the Fourteenth Amendment.

## COUNT III: TITLE VI RETALIATION AND HOSTILE ENVIRONMENT (42 U.S.C. Section 2000d)

*(Against Defendants University of Baltimore and University System of Maryland)*

64. Defendants receive federal financial funding and are barred from discriminating or tolerating ancestry-based and anti-Semitic harassment under Title VI.

65. Defendants acted with deliberate indifference, maintaining a severe, pervasive, and objectively offensive hostile environment that forced Plaintiff out and continues to block his return.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*(Against Defendant Sarah J. Seidel, née Steinberg)*

66. Defendant Seidel engaged in extreme, outrageous and reckless conduct exceeding all bounds of decency by utilizing stolen data to cyberstalk and poison search engine results targeting Plaintiff.

67. This conduct proximately caused documented emotional distress.

## COUNT V: MARYLAND COMMON LAW GROSS NEGLIGENCE

*(Against All Individual Defendants, Including Dr. Sanjay Rai, In Their Individual Capacities)*

68. Defendants owed Plaintiff a duty to exercise reasonable care, protect basic privacy rights, and faithfully execute their mandatory administrative and statutory oversight functions.

69. The University Defendants completely abandoned this duty by accepting fraudulent allegations and other misconduct.

70. Defendant Dr. Sanjay Rai utterly, willfully and in bad faith breached his regulatory duty by refusing to investigate documented violations of law by a subordinate state institution, choosing instead to abruptly left his office when threatened with a lawsuit rather than perform his required regulatory role.

71. This collective conduct demonstrates a reckless, willful and complete disregard for Plaintiff's safety, education, livelihood, and civil rights, constituting gross negligence under Maryland law.

7



## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and grant the following relief:

1. **Declaratory Judgment:** A declaration that Defendants' acts violated the First Amendment, Fourteenth Amendment, Title VI and Maryland common law.

2. **Injunctive Relief:** An order enjoining enforcement of the student conduct charges, directing the removal of defamatory entries from his record, and restoring unhindered re-enrollment access.

3. **Compensatory Damages:** An award for lost educational advancement, reputational harm and medical expenses.

4. **Punitive Damages:** An award against the individual Defendants in their individual capacities.

5. **Other Relief:** Any such further relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 13, 2026

Respectfully submitted,

**JOHN DOE,**

*Plaintiff Self-Represented*

8