IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOHN DOE, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 26-1903-BAH |
| UNIVERSITY OF BALTIMORE SCHOOL OF LAW ET AL., | * | |
| | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

Plaintiff John Doe ("Plaintiff"), provisionally proceeding by pseudonym,[1] filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted.

## I.   Initial Screening of the Complaint

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020).  The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege

---

[1] Plaintiff has also filed a motion for leave to proceed by pseudonym.  ECF 7.  The Court will defer ruling on this motion until Defendants have been served and have had an opportunity to weigh in on Plaintiff's request.

facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Here, the Court will dismiss some of Plaintiff's claims as described below.

Plaintiff brings suit against defendants University of Baltimore School of Law, University System of Maryland, Jay Perman, Llatetra Esters, Paul Manrique, Ronald Weich, Colin Starger, Kimberly Wehle, Michael Meyerson, Pavan Purswani, Michael E. Rowan, Lavonda Reed, Dr. Sanjay Rai, Sarah J. Seidel, and John/Jane Does 1–20. *See* ECF 1, at 1. All named individual defendants besides Seidel are University of Baltimore or Maryland state employees. *Id.* at 2–3 ¶¶ 11–25. He alleges violations of his constitutional rights related to alleged discrimination based on his Orthodox Jewish religion as well as other torts that he alleges he faced while enrolled at the University of Baltimore School of Law, leading to his expulsion in 2023. *Id.* at 3–5 ¶¶ 26–47. He was subsequently denied from reenrolling in 2025. *Id.* at 5 ¶¶ 48–52. He brings five counts: (1) a First Amendment retaliation claim (pursuant to 42 U.S.C. § 1983) against all individual University Defendants,[2] count I; (2) a Fourteenth Amendment procedural and substantive due process claim (pursuant to § 1983) against individual University Defendants, count II; (3) Title VI retaliation and hostile environment, 42 U.S.C. § 2000d, against the University of Baltimore and University System of Maryland, count III; (4) intentional infliction of emotional distress ("IIED") against Defendant Seidel, count IV; and (5) gross negligence against all Individual Defendants, count V. *See* ECF 1, at 6–8.

---

[2] The complaint does not define "University Defendants." The Court assumes them to be the defendants who are alleged to be employed by the University of Baltimore.

The only claims against Seidel, the only private individual defendant, are the IIED claim and, apparently, the gross negligence claim. The Court notes, however, that it is not entirely clear that Plaintiff intended to bring the gross negligence claim against Seidel. It is nominally brought against "All Individual Defendants," but the allegations relevant to this claim do not appear to encompass Seidel. *See id.* at 7 ¶¶ 68–71. For example, Plaintiff alleges that "Defendants owed Plaintiff a duty to exercise reasonable care, protect basic privacy rights, and faithfully execute their mandatory administrative and statutory oversight functions." *Id.* ¶ 68. Seidel, a private individual and former classmate of Plaintiff's, cannot be said to owe the same duty related to "mandatory administrative and statutory oversight functions." The Court concludes, therefore, that this claim has not been properly brought against Seidel and will dismiss it as pled against her.

The Court will also dismiss count IV, the IIED claim, and dismiss Seidel from this suit accordingly. "To state a prima facie case of IIED, a plaintiff must allege facts showing that: (1) the conduct in question was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the conduct and the emotional distress; and (4) the emotional distress was severe." *Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 624 (D. Md. 2014) (citing *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977); *Arbabi v. Fred Meyers, Inc.,* 205 F. Supp. 2d 462, 466 (D. Md. 2002)). IIED claims "may succeed only when the defendant's conduct was 'so outrageous that it goes beyond all possible bounds of decency, and is regarded as atrocious, and utterly intolerable in a civilized community.'" *Williams v. Wicomico Cnty. Bd. of Educ.*, 836 F. Supp. 2d 387, 399 (D. Md. 2011) (quoting *Borchers v. Hyrchuk*, 727 A.2d 388, 393 (Md. App. 1999)). "Moreover, the outrageous conduct must cause a 'severely disabling emotional response,' such that 'no reasonable man could be expected to endure it.'" *Id.* (quoting *Harris v. Jones*, 380 A.2d 611, 616 (Md. 1977)). "For the claim to survive,

Defendants must have disregarded entirely [the plaintiff's] dignity as a human being." *Awah v. Mansfield Kaseman Health Clinic*, Civ. No. 21-00938-PX, 2021 WL 6197415, at *9 (D. Md. Dec. 30, 2021) (collecting cases).  As of 2010, "[i]n the 30 years since the Court of Appeals recognized the tort of IIED, it has upheld such claims only four times."[3]  *Lasater v. Guttmann*, 5 A.3d 79, 90 (Md. App. 2010).  "As such, '[t]he tort of intentional infliction of emotional distress is rarely viable, and is to be used sparingly and only for opprobrious behavior that includes truly outrageous conduct.'"  *Williams*, 836 F. Supp. 2d at 399 (alteration in *Williams*) (citing *Bagwell v. Peninsula Reg'l Med. Ctr.*,  665 A.2d 297, 319 (Md. App. 1995)).

The allegations in the complaint do not support an IIED claim against Seidel.  Plaintiff's allegations are minimal: "Defendant Seidel engaged in extreme, outrageous and reckless conduct exceeding all bounds of decency by utilizing stolen data to cyberstalk and poison search engine results targeting Plaintiff."  ECF 1, at 7 ¶ 66.  "This conduct proximately caused documented emotional distress."  *Id.* ¶ 67.  Elsewhere in the complaint, Plaintiff provides slightly more detail, alleging that after Seidel "obtained access to" information that had been stolen from his computer and, based on that obtained information, "became aware of Plaintiff's complaint against her" that he made to university officials.  *Id.* at 4 ¶ 33.  Plaintiff then alleges that "Defendant Sarah J. Seidel and Zachary Seidel [who is not named as a defendant in this action] allegedly orchestrated or

---

[3] These four cases include (1) *Faya v. Almaraz,* 620 A.2d 327 (Md. 1993), where the Maryland Supreme Court "revers[ed a] dismissal when [an] HIV-positive surgeon operated on the appellants without their knowledge of his disease," (2) *Figueiredo–Torres v. Nickel,* 584 A.2d 69 (Md. 1991), where the court "revers[ed a] dismissal when [the] plaintiff alleged [a] psychologist engaged in sexual relations with [the] plaintiff's wife during the time he was counseling the couple," (3) *B.N. v. K.K.,* 538 A.2d 1175 (Md. 1988), where the court found that a "cause of action for IIED could exist when [a] physician had sex with [a] nurse without informing her he had herpes and infected her with the disease," and (4) *Young v. Hartford Accident & Indem. Co.,* 492 A.2d 1270 (Md. 1985), where the court "revers[ed a] dismissal when [a] workers' compensation insurer insisted that [the] claimant submit to psychiatric evaluation for the 'sole purpose' of harassing her and forcing her to drop her claim or commit suicide," *Lasater*, 5 A.3d at 90.

participated in a retaliatory campaign of cyberstalking, search engine poisoning and online harassment using the stolen data." *Id.* ¶ 34.

Where even cases involving "physical invasions of the person of the plaintiff or other truly repugnant intrusions on personal dignity" failed to meet the high bar, *see Arbabi*, 205 F. Supp. 2d at 466, the Court cannot say that vague and conclusory allegations here of cyberstalking and "search engine poisoning" are sufficient to state an IIED claim. Nor is the emotional distress Plaintiff alleges he suffered sufficiently particular to meet the high standard for an IIED claim. *See Doe v. Anne Arundel Cnty.*, Civ. No. 23-3451-JRR, 2025 WL 675059, at *26 (D. Md. Mar. 3, 2025) (collecting cases where courts have found allegations lacking detailed effects of harm on plaintiff's daily life or the nature, intensity, or duration of the emotional trauma insufficient to state an IIED claim). As such, count IV, brought only against Seidel, is dismissed in its entirety. As no claims remain pending against her, Seidel is dismissed from this suit.[4]

To be clear, the parties should not read into the fact that the remaining claims and defendants have not been summarily dismissed pursuant to 28 U.S.C. § 1915. The Court does not intend to insinuate that any remaining claims necessarily will survive a motion to dismiss, should

---

[4] While the Court has not yet ruled on Plaintiff's motion for leave to proceed by pseudonym, it notes that courts are generally more reluctant to permit a plaintiff to proceed anonymously against a private individual he names publicly as a defendant. *See Doe v. Doe*, 85 F.4th 206, 215 (4th Cir. 2023) (summarizing cases and noting that "the more private parties (sued in their individual capacities), the more likely the courts were to find that the factor weighed against the plaintiff"); *id.* (recognizing the argument that "basic fairness dictates that those among the defendants' accusers who wish to participate in this suit must do so under their real names" (cleaned up) (citations omitted)). The fact that Plaintiff has sued the individual university and state defendants all in their individual capacities may bear on Plaintiff's request to proceed anonymously and still remains to be considered. *See* ECF 1, at 1; *Doe*, 85 F.4th at 215. However, should Seidel have remained as a defendant, the Court would only have been less likely to permit Plaintiff to proceed by pseudonym.

the remaining defendants file any.  The parties are free to litigate the remaining claims as they see fit.

## II.    Service of Process

In light of Plaintiff's indigency status, the United States Marshal shall effect service of process on the remaining named defendants.  *See* Fed. R. Civ. P. 4(c)(3).  However, it does not appear that Plaintiff has furnished a U.S. Marshal service of process form or summons for each named defendant in this case.  Plaintiff must do so before service of the complaint can take place. Plaintiff will be granted twenty-one (21) days from the date of this order to provide U.S. Marshal service of process forms and summonses for each remaining named defendant.  Plaintiff is forewarned that failure to provide summonses and U.S. Marshal service of process forms to the Clerk will result in dismissal of the complaint without further notice and without prejudice.  Once the forms are received, the Clerk and the U.S. Marshal are directed to take all necessary steps to effectuate service of process.[5]

Under Fed. R. Civ. P. 4(e)(1), service of process on an individual must comport with the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located.  In Maryland, service on an individual defendant is made by

---

[5] The envelope that contained Plaintiff's complaint was filed under seal as it included his contact information and he indicated he is a crime victim.  ECF 1-1, at 1.  The envelope, which is stamped May 13, 2026, notes that Plaintiff "will be filing a motion to file under seal."  *Id.*  No such motion has been received by the Court to date.  While the Court understands a request to seal Plaintiff's phone number and home address (which has not been provided), Plaintiff has not provided any basis for sealing his P.O. Box, and the Court does not discern one.  Assuming that Plaintiff proceeds using his P.O. Box, the Court therefore envisions Plaintiff filing the summonses and U.S. Marshal forms on the public docket.  The Court also reminds Plaintiff that all self-represented litigants have a continuing obligation to keep a current address on file with the Clerk.  Loc. R. 102.1(b)(iii) (D. Md. 2025).  "[I]f any self-represented litigant fails to comply, the Court may enter an order dismissing any affirmative claims for relief filed by that party . . . ."  *Id.*   The Court will permit the envelope, ECF 1-1, to remain provisionally sealed as it contains Plaintiff's phone number.

either: leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion, or by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting "Restricted Delivery – show to whom, date, address of delivery." Md. Rule 2-121(a).

Under Fed. R. Civ. P. 4(j), service upon a state, municipal corporation, or other state-created governmental organization subject to suit shall be effected by delivering a copy of the summons and complaint to its chief executive officer; or by serving the summons and complaint in the manner prescribed by the law of the state for the service of summons or other like process upon any such defendant.

Plaintiff may serve the State of Maryland by serving summons and the complaint on "the Attorney General or an individual designated by the Attorney General in a writing filed with the Clerk of the Supreme Court" of Maryland. Maryland Rule 2-124(j). The address and other information regarding Maryland's Attorney General are available at: https://www.marylandattorneygeneral.gov/.

Both LexisNexis and Westlaw provide free public access to the Maryland Rules. Free public access to the Maryland Rules is also available through the Maryland State Law Library's website at: https://mdcourts.gov/lawlib/research/gateway-to-md-law/code-rules-laws-sources.

If there is no record that service was effectuated on the defendants, Plaintiff risks dismissal of this case. Pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8.a., if a party demanding affirmative relief has not effectuated service of process within ninety (90) days of filing the complaint, the Court may enter an order asking the party to show cause why the claims should not be dismissed. If the party fails to show cause within the time as set by the Court, the complaint

shall be dismissed without prejudice.  The Court will extend the service deadline by ninety days from the date of this order to accommodate the delay between Plaintiff's filing of the complaint and the issuance of this order.

### III.   Conclusion and Order

Accordingly, it is this 22nd day of July, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis, ECF 2, is GRANTED;

2.  Count IV (IIED) is DISMISSED in its entirety;

3.  Count V (gross negligence) is DISMISSED as to Defendant Seidel;

4.  Defendant Seidel is DISMISSED from this suit;

5.  The Clerk SHALL SEND a copy of this order, together with 13 copies of the U.S. Marshal and summons forms to Plaintiff (one for each of the 13 remaining named defendants);

6.  Plaintiff IS GRANTED TWENTY-ONE (21) days from the date of this order in which to complete the U.S. Marshal forms and summons forms and return them to the Clerk.  Plaintiff is cautioned that the failure to return the completed U.S. Marshal and summons forms in a timely and complete manner may result in the dismissal of this case without prejudice and without further notice from the Court;

7.  Upon receipt of the U.S. Marshal forms and summons forms, the Clerk SHALL ISSUE the summonses and forward same together with the complaint, the U.S. Marshal forms, and a **COPY OF THIS ORDER** to the U.S. Marshal;

8.  The U.S. Marshal Service IS DIRECTED to effectuate service of process on the defendants at the addresses provided by Plaintiff.  If the U.S. Marshal Service uses

U.S. Postal Service delivery to effect service on the defendants, it shall do so by **RESTRICTED DELIVERY, CERTIFIED MAIL**;

9. The service deadline is extended ninety days from the date of this order;

10. Plaintiff  IS FOREWARNED that failure to comply with this order in the time specified will result in dismissal of this case without further notice; and

11. The Clerk SHALL PROVIDE a copy of this order to Plaintiff at his address on file.


_____/s/_____
Brendan A. Hurson
United States District Judge

9